IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| VIRGINIA LOMEL CONLON, MARVIN G. WILSON, individually, and on behalf of a class of all other similarly situated persons,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>THE CITY OF CHARLESTON, SOUTH CAROLINA<br>　　　　　　Defendant. | C.A. No. 2:06-cv-01249<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(Jury Trial Demanded) |

　　　　The Plaintiffs, individually, and on behalf of a class of all other similarly situated persons, complaining of the Defendant named herein, would respectfully allege:

1.　　　That the Plaintiff Virginia Lomel Conlon is a citizen of the United States and the State of South Carolina and is a resident of the City of Charleston.

2.　　　That the Plaintiff Marvin Wilson is a citizen of the United States and the State of South Carolina and is a resident of the City of Charleston.

3.　　　That the Defendant, the City of Charleston, South Carolina, is a municipal corporation which governs the municipality of the City of Charleston in the State of South Carolina.

4.　　　That the Defendant has enacted Municipal Codes and Ordinances for the City of Charleston which concern the charges, fees, and costs assessed to persons found guilty of municipal offenses, including, but not limited to, traffic offenses, by the Municipal Court of the City of Charleston. Pursuant to the Municipal Codes and Ordinances of the City of

1

Charleston, citations and tickets issued by the Police Department and adjudicated by the Municipal Court of the City of Charleston include a ten dollar ($10) "criminal user fee." Chapter 20, Article 1, section 20-7 of the Municipal Code of the City of Charleston provides that this fee is to "cover the docket fee and the fee for the summons or arrest and shall be imposed irrespective of amount of or suspension of the fine or forfeiture of bond." The citations and tickets issued by the City of Charleston for misdemeanor offenses other than parking violations do not disclose that a "criminal user fee" is included in the cost of the fine assessed to the alleged violator. The "criminal user fee" assessed by the City of Charleston pursuant to its municipal ordinance has not been approved by the State of South Carolina. In some instances, the "criminal user fee" causes the monetary amount of the fines issued and collected by the City of Charleston to exceed the maximum amount of the fines mandated and approved by the State of South Carolina.

5. Plaintiff Virginia Lomel Conlon has, within the last three (3) years, been issued one or more traffic citations or tickets by the Police Department of the City of Charleston and has paid to the City of Charleston the amount of the fines and fees included in those citations, including the "criminal user fee."

6. Plaintiff Marvin Wilson has, within the last three (3) years, been issued one or more traffic citations or tickets by the Police Department of the City of Charleston and has paid to the City of Charleston the amount of the fines and fees included in those citations and tickets, including the "criminal user fee."

## JURISDICTIONAL STATEMENT

7. This Court has original jurisdiction over this civil action arising under the

2

Constitution of the United States pursuant to 28 U.S.C.A. section 1331.

8. Title 28 U.S.C.A. section 1343 confers jurisdiction upon this Court to entertain Plaintiffs' claims that arise under 42 U.S.C.A. section 1983.

9. Plaintiffs are citizens of the United States, and the Plaintiffs and the Defendant are domiciled in Charleston, South Carolina.

## CLASS ACTION ALLEGATIONS

10. This class action is brought by Plaintiffs, as representatives of a class of similarly situated persons, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover monetary compensation and damages from the Defendant for the wrongful taking of property and the Defendant's collection of unconstitutional and unlawful surcharges and fines in the form a "criminal user fee" that is added onto the citations and tickets issued by the City of Charleston.

11. The class of Plaintiffs consists of individuals who have been issued citations and tickets by the Police Department of the City of Charleston and have paid to the City of Charleston fines pursuant to the citations and tickets which include a "criminal user fee."

12. The Class is sufficiently numerous that joinder of all members is impracticable.

13. Plaintiffs will fairly and adequately protect the interests of the class as Class representatives. The interests of the Class representatives are coincident with, and not antagonistic to, those of the other class members and Plaintiffs are represented by experienced and able attorneys who have previously litigated class actions and similar types of cases.

14. There are questions of law and fact common to the Class. Common questions of law include whether the "criminal user fee" is violative of the Constitution of the United

States of America, whether the "criminal user fee" is violative of the Constitution of the State of South Carolina, whether the Defendant is liable under 42 U.S.C.A. section 1983 for, among other things as more particularly described below, wrongful collection and taking of surcharges, fees, and fines that are unconstitutional and excessive. Common questions of fact include, as more particularly described below, and whether the policies and procedures of the Defendant call for the "criminal user fee" to be collected each and every instance when a citation or ticket is issued, whether the "criminal user fee" is disclosed to Class members, whether the "criminal user fee" exceeds the fines mandated by the State of Carolina, whether the user fee is a fair approximation of the cost of the services performed by the City of Charleston.

15.     Plaintiffs' claims are typical of the Class members' claims and derive from a common nucleus of operative facts in that they have all been adversely affected by the imposition of a "criminal user fee" by the City of Charleston. Each Class member has been or will be similarly injured by the Defendant's wrongful acts in charging the "criminal user fee" such that the interests of the Plaintiffs, as Class representatives, are consistent with those of the members of the Class.

16.     For the reasons described above and further explained below, a class action is especially appropriate in this case to promote judicial efficiency and to protect Class members' interest and rights as common questions of law and fact clearly predominate over individual issues.

17.     Moreover, class treatment is a superior method for the fair and efficient adjudication of the issues in dispute because it permits a large number of injured parties, joinder of whom is impracticable, to prosecute their common claims in a single forum

simultaneously. Moreover, the class action provides an efficient method whereby the relative rights of the Class members and Defendant can be fairly managed without unnecessary expense or duplication.

18. If Class members were to pursue individual litigation, it would be unduly burdensome to the courts within which the individual litigation would proceed. Individual litigation would magnify the delay and expense to all parties in the court system of resolving the controversy engendered by Defendant's municipal ordinances and its course of conduct with respect to the imposition of a "criminal user fee." By contrast, the class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentration of this litigation in one forum will aid judicial economy and efficiency, promote parity among the claims of the individual Class members, and result in judicial consistency. Notice for the pendency and any resolution of this action can be provided to all Class members by first class mail.

19. The expense and burden of individual litigation of a case of this magnitude makes it impractical for individual Class members to seek redress for the wrongs done to them and, therefore, requires consolidation of all such claims in one action.

20. The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members who are not parties to the adjudication or substantially impair or impede their ability to protect their interests.

21. Prosecution of this matter as a class action will most likely eliminate the

possibility of repetitious litigation and provide redress for Class members who would not or could not prosecute this complex litigation on an individual basis.

22. Plaintiffs and class members envision no unusual difficulty in the management of this action as a class action.

23. Certification of this action as a class action under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

## FOR A FIRST COUNT
### (DECLARATORY JUDGMENT – WRONGFUL TAKING)

24. Paragraphs 1 through 23 of the Complaint are repeated and reiterated herein as if set forth verbatim.

25. That a ten dollar ($10) "criminal user fee" is imposed by the Municipal Codes and Ordinances of the City of Charleston each time a citation or ticket is issued by the Police Department of the City of Charleston and the alleged violator is found guilty or pleads guilty to the misdemeanor offense in the Municipal Court of the City of Charleston.

26. That the "criminal user fee" imposed by the Municipal Codes and Ordinances of the City of Charleston violates the Takings Clause of the Fifth Amendment to the Constitution of the United States of America, violates Article I, Section 13, Constitution of the State of South Carolina, and constitutes a wrongful taking of property because the user fee is not reasonably related to, or a fair approximation of, the costs incurred by the City of Charleston in providing the service for which the fee is imposed.

27. That the Plaintiffs and the Class are entitled to an Order compensating them for the wrongful taking of property and/or disgorging the user fees collected by the City of

Charleston.

## FOR A SECOND COUNT
### (DECLARATORY JUDGMENT – EXCESSIVE FINES)

28.  Paragraphs 1 through 27 of the Complaint are repeated and reiterated herein as if set forth verbatim.

29.  That the "criminal user fees" assessed by the City of Charleston constitute excessive fines within the meaning of the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America because the fines violate Federal Constitution, the Constitution of the State of South Carolina, and Section 5-7-30 of the South Carolina Code of Laws.

30.  That the "criminal user fee" causes the amount of the fine issued by the City of Charleston for a given misdemeanor offense to exceed the maximum fine approved and mandated by the State of South Carolina for that offense.

31.  That the fine imposed by the City of Charleston for misdemeanor offenses which includes the criminal user fee is grossly disproportionate to the Plaintiffs' and Class's criminal culpability and, thus, the fine constitutes an excessive fine as proscribed by the Constitution of the United States of America.

32.  That the Plaintiffs and the Class are entitled to an Order disgorging the user fees collected by the City of Charleston and a return of the monies that constitute excessive fines imposed by the Defendant.

## FOR A THIRD COUNT
### (FEDERAL RIGHTS VIOLATION UNDER 42 U.S.C.A. SECTION 1983)

33.  Paragraphs 1 through 32 of the Complaint are repeated and reiterated herein as if set forth verbatim.

7

34. Defendant, the City of Charleston, is a local government municipality that is a "person" for purposes of 42 U.S.C.A. section 1983.

35. The City of Charleston's imposition of criminal user fees arises under the color of an ordinance that was passed under the policymaking authority of the City Council of the City of Charleston.

36. The duly authorized actions of the City of Charleston officials in passing the Municipal Code and Ordinance concerning the imposition of criminal user fees constitute "policies" and "customs" for purposes of determining liability under 42 U.S.C.A. section 1983.

37. The Defendant, under color of an official ordinance, policy and custom concerning the imposition of "criminal user fees," caused its employees to violate Plaintiffs' and the Class's constitutional rights by charging and collecting such fees.

38. Defendant's actions have directly and proximately caused injury and harm to the Plaintiffs and the Class.

39. The Defendant is liable under section 42 U.S.C.A. section 1983 to the injured Plaintiffs and the Class in an amount or amounts to be determined at trial of this matter.

Now, therefore, Plaintiffs pray for the following:

    a. That the Court certify a Class of persons who are similarly situated to Plaintiffs;

    b. That a jury trial be had on all triable issues;

    c. That the Court declare the Municipal Ordinance authorizing "criminal user fees" unconstitutional under both the Federal and State Constitutions;

    d. That the Court order the Defendant to compensate the Plaintiffs and the Class by returning the wrongfully taken property and/or

disgorging the wrongful and excessive fees and fines to Plaintiffs and the Class;

e. That the Court award attorney's fees in this matter under Rule 23(h) of the Federal Rules of Civil Procedure and 42 U.S.C.A. section 1988; and

f. That the Court provide such other and further relief as it deems just and proper.

By: _____
IAN W. FREEMAN (I.D. # 9416)
I. KEITH MCCARTY (I.D.# 6918)
LAURA J. EVANS (I.D. # 6254)
PRATT-THOMAS, EPTING,
& WALKER, PA
P. O. Drawer 22247
Charleston, SC 29413-2247
(843) 727-2200
**ATTORNEYS FOR PLAINTIFFS AND THE CLASS**

Dated this 26 day of April, 2006